IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.        ) <br> ) <br> JOSE ROBERTO SALAZAR- ) <br> ORELLANA    ) <br> _____) | CRIMINAL ACTION NO. <br> 1:09-CR-475-WSD-CCH-3 |

## ORDER AND OPINION

This matter is before the Court on Magistrate Judge C. Christopher Hagy's Report and Recommendation ("R&R") [98] on Defendant Jose Roberto Salazar-Orellana's ("Defendant") Motion to Suppress Statements [45] ("Motion to Suppress Statement") and Motion to Suppress Evidence Obtained from April 24, 2009 Search and Seizure [47] ("Motion to Suppress Evidence")[1].  An evidentiary hearing on the motion was conducted by Magistrate Judge Hagy on February 3, 2010.

---

[1] While Defendant initially filed his Motion to Suppress Evidence [47] addressing items seized from his car, after the February 10, 2010 hearing, he sought only to suppress statements he made to investigating officers.  Defendant did not respond to the Government's statement in its response to Defendant's post-hearing briefing that Defendant had abandoned his motion to suppress evidence and the Court thus finds that Defendant has abandoned his motion to suppress the items seized from his car.

**I.     BACKGROUND**

Defendant is charged in this action with three counts of armed robbery by brandishing or discharging a pistol.  The armed robberies were alleged to have been committed on March 15, 2009, March 17, 2009 and March 23, 2009.  The armed robberies are charged under 18 U.S.C. §§ 1951 and 2.  Defendant also was indicted on a companion charge of carrying a firearm in connection with each of the three armed robberies alleged, in violation of 18 U.S.C. §§ 924(c) and 2.  The specific charges are detailed in the R&R.

On April 23, 2009, Defendant was transported to the Gwinnett County Police Department headquarters to be interviewed.  After being read his Miranda rights, Defendant stated that he understood them.  The interviewing officer, Officer McCollough, said the Defendant then "asked me if I could get him a lawyer to come over and talk to him."  Officer McCollough told the Defendant that once Defendant was arrested and booked into the county jail, he would receive a court-appointed attorney.  At the February 10, 2010, evidentiary hearing, the Court asked Officer McCollough about his exchange with the Defendant after he read Defendant his Miranda rights.  The Court specifically asked Officer McCollough whether he knew that Defendant wanted an attorney.  Officer McCollough responded:  "I guess so, your honor."

**I.     BACKGROUND**

Defendant is charged in this action with three counts of armed robbery by brandishing or discharging a pistol.  The armed robberies were alleged to have been committed on March 15, 2009, March 17, 2009 and March 23, 2009.  The armed robberies are charged under 18 U.S.C. §§ 1951 and 2.  Defendant also was indicted on a companion charge of carrying a firearm in connection with each of the three armed robberies alleged, in violation of 18 U.S.C. §§ 924(c) and 2.  The specific charges are detailed in the R&R.

On April 23, 2009, Defendant was transported to the Gwinnett County Police Department headquarters to be interviewed.  After being read his Miranda rights, Defendant stated that he understood them.  The interviewing officer, Officer McCollough, said the Defendant then "asked me if I could get him a lawyer to come over and talk to him."  Officer McCollough told the Defendant that once Defendant was arrested and booked into the county jail, he would receive a court-appointed attorney.  At the February 10, 2010, evidentiary hearing, the Court asked Officer McCollough about his exchange with the Defendant after he read Defendant his Miranda rights.  The Court specifically asked Officer McCollough whether he knew that Defendant wanted an attorney.  Officer McCollough responded:  "I guess so, your honor."

2

After Defendant asked for a lawyer, Officer McCollough continued to question him. Defendant seeks to suppress the statements he made after requesting counsel.

## II.     STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Rule 59 of the Federal Rules of Criminal Procedure; Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Objections to the Magistrate Judge's findings and recommendations were not

asserted by the Government or the Defendant, and thus the Magistrate Judge's findings and recommendations are reviewed for plain error.

### III. DISCUSSION

The United States Supreme Court, in Edwards v. Arizona, 451 U. S. 477 (1981), acknowledged that a Defendant can waive his rights under Miranda v. Arizona, 384 U.S. 436 (1966). The Edwards court noted, however, that

> additional safeguards are necessary when the accused asks for counsel; and now we hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by show only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights.

Id. at 484-85. When an accused has requested a lawyer, "law enforcement officers must immediately cease questioning a suspect who has clearly asserted his right to have counsel present during custodial interrogation." Davis v. United States, 512 U.S. 452, 454 (1994). The request for counsel must be "sufficiently clear that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." McNeil v. Wisconsin, 501 U.S. 171, 178 (1991).

Here, the interrogating officer stated that he believed that Defendant had asked for a lawyer, but did not stop questioning him. Thus, Defendant's request for counsel was not only sufficiently clear to a reasonable police officer, it was sufficiently clear to Officer McCollough. The Court agrees with Magistrate Judge

Hagy's reasoning and conclusion in the R&R, and finds that any statements made by the Defendant after counsel was requested are required to be suppressed.

## IV. CONCLUSION

Having reviewed the Magistrate Judge's R&R for plain error and for the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation of Magistrate C. Christopher Hagy [98].

**IT IS FURTHER ORDERED** that Defendant Jose Roberto Salazar-Orellana's Motion to Suppress Statements [45] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence obtained from April 24, 2009 Search and Seizure [47] is **DENIED AS MOOT**, the motion having been abandoned.

**SO ORDERED** this 19th day of August, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

5